8201

CHARLES O. ROOME, JR.,      :      NO. 8201

versus                     :      COURT OF APPEAL

FRANK M. CALLAHAN          :      PARISH OF ORLEANS

WILLIAM A. BELL, JUDGE:

May 1st, 1922.

8201

Court of Appeal.
Parish of Orleans
FILED MAY 1/22
Stansbury

325

BY: WILLIAM A. BELL, JUDGE:

This is a suit for damages resulting from a collision of two automobiles. The appeal is from a judgment in favor of plaintiff for the amount prayed for, to wit: $333.75, rejecting defendant's demand in reconvention, for $219.04.

The judge, a quo, has given no written opinion in support of the judgment, but from a careful examination of the testimony, which is of a most conflicting nature, we are convinced that the judgment is correct, and should be affirmed.

There is no dispute as to the extent of the damages suffered by plaintiff, whom we find not to have been at fault, and who could not have avoided the accident caused entirely by the negligence of the defendant.

The accident occurred on the Algiers road at mid-night of January 10, 1920, about five miles below Algiers. We find that plaintiff, with three other men, was driving his car up the river towards Algiers, and had just cut into, and straightened up the public road, having come out of the yard, or drive-way of a friend's home, where they had dined and spent the evening. All of them are in absolute accord as to the moderate speed at which plaintiff's car was being run, and particularly as to the location of plaintiff's car just before and after the accident. There can be no doubt that plaintiff at all times kep· well to the right of the road, and as near to the gutter's-edge on the Levee side, going towards Algiers, as he could safely do, and that just before the collision, had brought his car almost, if not entirely, to a full stop in his effort to avoid the accident. The nearness of plaintiff's car to the levee-side of the road, after the accident, (showing its similar and most probable position just before the accident) is made plain, not only by these four witnesses, but by the one of defendant's only two witnesses, who testifies, in effect, as follows:

"At time of the collision, defendant's car was on right side of road, about eight inches from gutter. Car ran into us from the side, the back of plaintiff's car was towards the gutter after the wreck, and front end almost underneath our car."

Two of plaintiff's witnesses corroborate the above fact as to the position of plaintiff's car, by saying that when they got out of the car, after the collision, each of them stepped into the gutter, thus showing how very close plaintiff's car was to the levee-side of the road.

All four of plaintiff's witnesses swear that defendant was going at an excessive rate of speed, and that his car was first seen about 300 feet away, coming rapidly upon them in the middle of the road, where it still remained at the time of the accident.

Defendant's theory, or explanation of the cause of the accident is found in his testimony, as follows:

"In his (plaintiff's) attempt to drive safely past me, he guided his car towards the center of the road a bit too far, and he nosed into my machine just about at the front door, hitting the running board at the rear of the front fender."

From the position of plaintiff's car after the accident, we cannot accept as true, under conflicting evidence, the defendant's statement as above quoted. It is incredible, as well as contrary to all rules of the road, to assume that plaintiff, in his attempt to safely pass defendant's down-going car, (which four witnesses declare was in the center of the road), would have steered in the direction of defendant's car rather than to the far right of the road, and away from defendant, as required by the traffic ordinance.

The most conflicting part of the evidence is found in the testimony of each litigant, who swears that he was hugging the gutter's edge of his side of the road. Both parties cannot be right in this statement, else the accident could not have occurred. We are therefore forced to the conclusion, from the evidence above discussed, that plaintiff's car must have been on the extreme right

of the road, close to the levee, and that defendant's car, on the other hand, must have been, where all of plaintiff's witnesses say it was, that is, well in the middle of the twenty-two foot road-way with considerable over-hang into the right-half of the levee-side of the road.

While thus situated, defendant's attempt to return under high speed to his proper side of the road, resulted in his heavy car taking a sudden angular, instead of forward, direction, and brought the middle and left rear portion of his car into collision with the left front and entire left side of plaintiff's car.

Defendant's own witness further testifies that defendant's car had such headlights as did not conform with the traffic ordinance, in that they were not frosted, sand-blasted or painted, but only chalk-washed. Plain, clear glass would have been sufficient, it is true, provided the reflectors behind such lights were permanently so fixed in place as to deflect the beam of lights as provided in the ordinance. There is no evidence to show that this requirement was observed, and all of plaintiff's witnesses have testified that the light from defendant's car was blinding. While the evidence is not convincing that this was another cause contributing to the accident, there can be no doubt that in this respect defendant also failed to observe the traffic regulations.

Plaintiff has made full proof of the extent of the damage sustained, and has indeed shown that some of the expenses of repairs were secured by him at a lower rate than is ordinarily charged. We are satisfied that the preponderance of evidence is with plaintiff, and that defendant was solely at fault.

JUDGMENT AFFIRMED

AT DEFENDANT'S COSTS IN BOTH COURTS.

May 1st, 1922.